IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DELMORE,

                Plaintiff,

v.                                              ORDER

PASKIN & OBERWETTER LAW                 18-cv-543-jdp
OFFICES, LTD.

                Defendant.

---

Plaintiff David Delmore has filed claims under the Fair Debt Collection Practices Act against Paskin & Oberwetter Law Offices, Ltd., alleging that the firm sent him a collection notice after he filed a Chapter 7 bankruptcy petition. Delmore has moved to strike one of the affirmative defenses in Paskin & Oberwetter's answer as legally insufficient. Dkt. 7. Paskin & Oberwetter has not filed a response brief or otherwise provided any basis on which to infer that the affirmative defense is proper, so the court will grant plaintiff's motion.

Federal Rule of Civil Procedure 12(f) allows the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But motions to strike are disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As the moving party, plaintiffs have the burden to show "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003) (internal citations and quotation marks omitted).

In its first affirmative defense, Paskin & Oberwetter "alleges upon information and belief for the purpose of preserving said defense that P&O's client was not identified as a potential creditor on the Schedule of Creditors accompanying Plaintiff's bankruptcy filing and therefore, on information and belief, is not subject to the automatic stay provision of the Bankruptcy Code." Dkt. 5, at 2. Delmore contends that this affirmative defense should be struck because it misstates the law. The bankruptcy code provides that the filing of a petition "operates as a stay, *applicable to all entities*," to stop "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. §§ 362(a), 362(a)(6) (emphasis added). Delmore therefore asserts that the fact that Paskin & Oberwetter's client was not listed on the bankruptcy schedule has no bearing on defendant's FDCPA liability.

The court strikes the first affirmative defense because the motion is well-supported and because Paskin & Oberwetter has waived any argument in opposition by failing to respond to it. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

ORDER

IT IS ORDERED that plaintiff David Delmore's motion to strike affirmative defenses, Dkt. 7, is GRANTED and the first affirmative defense is STRUCK.

Entered October 30, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge